AMANDA J. KRAUSE (NY Reg. #5323357)
Tel.: (202) 445-8767 / Email: amanda.krause@cfpb.gov
JOYCE CHEN (NY Reg. #4717245)
Tel.: (202) 702-4226 / Email: joyce.chen@cfpb.gov
JEFFREY BLUMBERG (MD Bar)
Tel.: (202) 435-9687 / Email: jeffrey.blumberg@cfpb.gov
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-7722


LEANNE E. HARTMANN, CA Bar # 264787- Local Counsel
301 Howard St., Suite 1200
San Francisco, CA 94105
Phone: (415) 844-9787
Fax: (415) 844-9788
Email: Leanne.Hartmann@cfpb.gov

Attorneys for Plaintiff
Bureau of Consumer Financial Protection

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau, | CASE NO.: 2:21-cv-07492 VAP |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' FIRST AFFIRMATIVE DEFENSE** |
| v. | |
| Daniel Rosen, Inc., d/b/a Credit Repair Cloud and Daniel Rosen, | Date:    July 18, 2022 |
| Defendants. | Time:    2:00 p.m. |
| | Court:   Hon. Virginia A. Phillips |
| | Courtroom 8A |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... iii

BACKGROUND ...................................................................................................... 1

ARGUMENT ........................................................................................................... 2

I.   Standard of Review ..................................................................................... 2

II.     Defendants' First Affirmative Defense should be stricken as legally invalid and
inadequately pled ............................................................................................... 3

CONCLUSION ....................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Att'y Gen. of U.S. v. Irish People, Inc.,* 684 F.2d 928 (D.C. Cir. 1982) ..................................... 6

*Baker v. FirstCom Music*, No. 16-cv-8931-VAP, 2017 WL 9500947 (C.D. Cal. July 27, 2017)............. 3

*Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) 3, 8

*CFPB v. Burlington Fin. Grp., LLC*, No. 21-cv-02595 (N.D. Ga. 2021) ...................................... 8

*CFPB v. Commercial Credit Consultants*, No. 17-cv-4720 (C.D. Cal. 2017)............................... 8

*CFPB v. Commonwealth Equity Grp., LLC*, No. 20-cv-10991 (D. Mass. 2020) ...................................... 8

*CFPB v. Progrexion Marketing, Inc.,* No. 19-cv-00298 (D. Utah 2019) ................................... 8

*CFTC v. Kraft Foods Grp., Inc.*, 195 F. Supp. 3d 996 (N.D. Ill. 2016) ................................ 4

*DeSalvo v. Islands Restaurants, L.P.*, No. 2:20-CV-2620-VAP-EX, 2020 WL 4035071 (C.D. Cal. July 16, 2020) ....................................................................................... 2

*EEOC v. Lexus of Serramonte*, No. C 05-0962 SBA, 2006 WL 2619367 (N.D. Cal. Sept. 12, 2006) ...... 4

*FDIC v. Main Hurdman*, 655 F. Supp. 259 (E.D. Cal. 1987)..................................... 3

*Fog Cutter Cap. Grp. Inc. v. SEC*, 474 F.3d 822 (D.C. Cir. 2007) ..................................... 7

*FTC v. Com. Planet Inc.,* No. SACV 09-01324-CJC, 2010 WL 11673795 (C.D. Cal. July 6, 2010)........ 5

*Ganley v. Cty. of San Mateo*, No. C06-3923-TEH, 2007 WL 902551 (N.D. Cal. Mar. 22, 2007) ........... 3

*Heckler v. Chaney*, 470 U.S. 821 (1985) .................................................. 6

*Jercich v. Cnty. of Merced*, No. 1:06CV00232 OWWDLB, 2006 WL 3747184 (E.D. Cal. Dec. 19, 2006) ................................................................................................. 7

*Karme v. Comm'r*, 673 F.2d 1062 (9th Cir. 1982) ................................. 7

*Moog Indus., Inc. v. FTC*, 355 U.S. 411 (1958) ................................... 7

*POM Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085 (C.D. Cal. 2016) ..................................... 4

*Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004) ................................ 3

*SEC v. Christian Stanley, Inc.*, No. CV117147GHKMANX, 2012 WL 13012479 (C.D. Cal. June 4, 2012) ............................................................................................................................ 6

*SEC v. Cuban*, 798 F. Supp. 2d 783 (N.D. Tex. 2011) .................................................... 8, 9

*SEC v. Gulf & W. Indus., Inc.*, 502 F. Supp. 343 (D.D.C 1980) .................................... 4

*Surf City Steel, Inc. v. Int'l Longshore & Warehouse Union*, 780 F. App'x 467 (9th Cir. 2019) ............. 9

*United States v. Armstrong*, 517 U.S. 456 (1996) ........................................................ 6

*United States v. Armstrong*, 517 U.S. 456, 464, 116 S. Ct. 1480, 134 L. Ed. 2d 687 (1996) ................... 7

*United States v. Berst*, No. 6:11-CV-6370-TC, 2012 WL 4361408 (D. Or. Aug. 2, 2012) .................. 6

*United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763 (N.D. Tex. 2002) ........................... 4

*United States v. Davis*, 793 F.3d 712 (7th Cir. 2015) ................................................... 8

*United States v. Gibson Wine Co.*, No. 1:15-CV-1900-AWI-SKO, 2016 WL 1626988 (E.D. Cal. Apr. 25, 2016) ......................................................................................................... 6

*United States v. Innovative Biodefense, Inc.*, No. SACV180996DOCJDEX, 2019 WL 6971054 (C.D. Cal. Aug. 22, 2019) ............................................................................................. 8

**Statutes**
12 U.S.C. § 5511(a) ...................................................................................... 5

12 U.S.C. § 5536(a) ...................................................................................... 1

15 U.S.C. § 6101 ......................................................................................... 5

15 U.S.C. § 6105(d) ...................................................................................... 5

**Rules**
Fed. R. Civ. P. 12(f) ...................................................................................... 2

**Regulations**
16 C.F.R. § 310.3(b) ...................................................................................... 1

16 C.F.R. § 310.4(a)(2) ................................................................................... 1

16 C.F.R. pt. 310.................................................................................................................... 1

Plaintiff Consumer Financial Protection Bureau (Bureau) respectfully submits this memorandum of law in support of its motion for an order striking Defendants' First Affirmative Defense from the First Amended Answer filed by Daniel A. Rosen Inc., d/b/a Credit Repair Cloud (Credit Repair Cloud) and Daniel Rosen (collectively, Defendants). Defendants' First Affirmative Defense is legally insufficient and fails to meet the Ninth Circuit's notice pleading standard. Striking it will eliminate unnecessary complication from this case and streamline its ultimate resolution.

## BACKGROUND

The Bureau brought this action under the Telemarketing Sales Rule (TSR)[1] and the Consumer Financial Protection Act of 2010 (CFPA)[2] in connection with Defendants' provision of substantial assistance or support to credit-repair companies that telemarket their credit-repair services to consumers and to charge consumers fees well before the waiting period required by the TSR (the advance-fee provision).[3] The Bureau's First Amended Complaint (FAC) alleges that Defendants provide a variety of tools and services to businesses that represent to consumers that they can "remove derogatory information from, or improve, a person's credit history, credit record, or credit rating."[4] Defendants provide to their users (CRC Users or Users) software (the Software) that provides, among other things, a customer-relationship management system, a database of over 100 template-dispute letters that the Software will automatically pre-populate with customer information, and the ability to connect with a third-party billing platform.[5] Defendants also provide training for CRC Users on how to start and run a successful

---

[1] 16 C.F.R. pt. 310.

[2] 12 U.S.C. § 5536(a).

[3] *See* 16 C.F.R. §§ 310.3(b), 310.4(a)(2).

[4] 16 C.F.R. § 310.4(a)(2).

[5] FAC ¶¶ 11–28, ECF No. 32.

credit-repair business.[6] Through their tools and services, Defendants encourage CRC Users to telemarket their credit-repair services to consumers and to charge consumers fees well before the waiting period required by the TSR, and Defendants know or consciously avoid knowing CRC Users in fact telemarket their credit-repair services and charge advance fees.[7]

The Court denied Defendants' motion to dismiss on April 5, 2022. On April 22, 2022 Defendants filed an Answer asserting twelve affirmative defenses.[8] After a meet and confer between the parties on a motion to strike Defendants' affirmative defenses, Defendants filed their First Amended Answer on May 13, 2022, asserting three affirmative defenses.[9] The Bureau now moves to strike Defendants' First Affirmative Defense.

## ARGUMENT

### I.    Standard of Review

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon motion made by a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[10] One purpose of a motion to strike is to "'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."[11] Removing inadequate affirmative defenses early in the proceeding promotes judicial efficiency and a discovery

---

[6] FAC ¶¶ 11–33.

[7] FAC ¶¶ 50–86.

[8] Answer at 13–15, ECF. No. 48.

[9] First Amended Answer at 13–14, ECF No. 49.

[10] Fed. R. Civ. P. 12(f).

[11] *DeSalvo v. Islands Restaurants, L.P.*, No. 2:20-CV-2620-VAP-EX, 2020 WL 4035071, at *1 (C.D. Cal. July 16, 2020) (Phillips, J.) (quoting *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

process focused on the genuine issues in the case.[12] As a "sensible matter," courts should strike "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action."[13]

Motions to strike are also appropriate where the affirmative defenses fail to provide "fair notice" of the defense being asserted.[14] "At minimum, 'fair notice' requires some pleading of facts: 'Neither mere reference to a legal doctrine, nor a bare recitation of statutory provisions, provides fair notice of an affirmative defense absent some fact or argument explaining the defense.'"[15]

## II.   Defendants' First Affirmative Defense should be stricken as legally invalid and inadequately pled

In their First Affirmative Defense, Defendants allege that the Bureau's claims are barred by the doctrine of unclean hands because the Bureau's "decision to proceed with this action against Defendants is for an arbitrary purpose because the CFPB has selectively targeted Defendants in its enforcement of the claims." Defendants face a high bar in asserting an unclean hands defense against the government in an enforcement action such as this one. Defendants have failed to plead any facts that meet that high bar, and accordingly, the defense should be stricken.

---

[12] *See Ganley v. Cty. of San Mateo*, No. C06-3923-TEH, 2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007) (citation omitted) ("In the Ninth Circuit, motions to strike are proper, even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of the action."); *see also Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (showing of prejudice not required to strike "legally insufficient" affirmative defenses).

[13] *FDIC v. Main Hurdman*, 655 F. Supp. 259, 263 (E.D. Cal. 1987) (citation omitted).

[14] *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (citing *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979)).

[15] *Baker v. FirstCom Music*, No. 16-cv-8931-VAP, 2017 WL 9500947, at *2 (C.D. Cal. July 27, 2017) (Phillips, J.) (quoting *Arthur v. Constellation Brands, Inc.*, No. 16-cv-04680-RS, 2016 WL 6248905, at *2 (N.D. Cal. Oct. 26, 2016)).

"The doctrine of unclean hands 'bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted.'"[16] To prevail on a defense of unclean hands, a defendant must demonstrate by clear and convincing evidence (1) "that the plaintiff's conduct is inequitable;" and (2) "that the conduct relates to the subject matter of [the plaintiff's] claims."[17] But "the unclean hands doctrine is not strictly enforced when 'to do so would frustrate a substantial public interest.'"[18] Indeed, some courts have held that when "the Government acts in the public interest the unclean hands defense is unavailable as a matter of law."[19] Courts that have not entirely foreclosed an unclean hands defense against the government have imposed strict limits:

---

[16] *POM Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085, 1091–92 (C.D. Cal. 2016) (quoting *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir.1989)).

[17] *Id.* at 1092.

[18] *EEOC v. Lexus of Serramonte*, No. C 05-0962 SBA, 2006 WL 2619367, at *2 (N.D. Cal. Sept. 12, 2006) (quoting *EEOC v. Recruit USA, Inc.*, 939 F.2d 746, 753 (9th Cir. 1991)).

[19] *Id.* (quoting *United States v. Philip Morris Inc.*, 300 F.Supp.2d 61, 75 (D.D.C. 2004)); *see also SEC v. Gulf & W. Indus., Inc.*, 502 F. Supp. 343, 348 (D.D.C 1980) (citing *United States v. Second Nat. Bank of N. Miami*, 502 F.2d 535, 548 (5th Cir. 1974)); *accord United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 773–74 (N.D. Tex. 2002) (striking unclean hands defense against the United States as "insufficient as a matter of law"); *CFTC v. Kraft Foods Grp., Inc.*, 195 F. Supp. 3d 996, 1009 (N.D. Ill. 2016) (citations and internal quotations and edits omitted) (holding "as a matter of law" that "the unclean hands defense is not available in actions brought by the government in the public interest" because of "the principle—articulated by the Supreme Court—that though the United States is subject to the general principles of equity, equitable principles will not be applied to frustrate the purpose of the United States' laws or to thwart public policy").

1  "'the defendant must show such egregiousness that the resulting prejudice to defendant
2  rises to a constitutional'" injury.[20]

3       Here, the Bureau is acting to protect a public interest pursuant to its congressional
4  mandate under the CFPA to "enforce Federal consumer financial law consistently for the
5  purpose of ensuring that all consumers have access to markets for consumer financial
6  products and services and that markets for consumer financial products and services are
7  fair, transparent, and competitive,"[21] and to enforce the Telemarketing And Consumer
8  Fraud and Abuse Prevention Act (Telemarketing Act), with respect to the offering or
9  provision of consumer financial products or services.[22] The Court should accordingly
10 strike the unclean hands defense as unavailable in a matter such as this one. But to the
11 extent that an unclean hands defense is available against the government, Defendants
12 have failed to allege any facts relating to the elements of unclean hands, *i.e.*, that the
13 Bureau engaged in inequitable conduct, and that any such conduct relates to the subject
14 matter of the claims. Moreover, Defendants fail to plead any facts showing that such
15 conduct caused Defendants injury that rises to a constitutional level. The only fact
16 Defendants provide in support of their defense is: "On information and belief, the
17 CFPB's decision to litigate this matter against Defendants is unlike its treatment to other
18 similarly situated businesses."[23] This allegation, even if true, does not establish any injury
19 to Defendants that rises to a constitutional level—nor could it, because the Supreme
20 Court "has recognized on several occasions over many years" that the decision to

---

[20] *FTC v. Com. Planet Inc.,* No. SACV 09-01324-CJC, 2010 WL 11673795, at *3 (C.D. Cal. July 6, 2010) (quoting *SEC v. Sands,* 902 F. Supp. 1149, 1166 (C.D. Cal. 1995).

[21] 12 U.S.C. § 5511(a).

[22] 15 U.S.C. § 6105(d). The purpose of the Telemarketing Act was to address the "magnitude" of the problem caused by interstate telemarketing fraud, and to provide consumers with "necessary protection from telemarketing deception and abuse." 15 U.S.C. § 6101.

[23] First Amended Answer at 13.

prosecute is "a decision generally committed to an agency's absolute discretion" because government agencies, rather than courts, are in the best position to determine "whether agency resources are best spent on this violation or another."[24] Thus, "an agency's failure to bring an enforcement action against another party is not itself a defense in an enforcement action because the agency is in the best position to [assess] how to allocate its resources when pursuing violations."[25]

At its core, Defendants' unclean hands defense is simply a "selective prosecution" defense by another name.[26] But the standard for establishing selective prosecution "is a demanding one."[27] A claim of selective prosecution requires a showing "(1) that others are generally not prosecuted for the same conduct; and (2) the decision to single out the defendant was based upon impermissible grounds such as race, religion, or the exercise of constitutional rights, or that there was no rational basis for the difference in treatment."[28] The official acts of public officials are afforded a presumption of regularity,

---

[24] *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

[25] *United States v. Berst*, No. 6:11-CV-6370-TC, 2012 WL 4361408, at *8 (D. Or. Aug. 2, 2012), *report and recommendation adopted*, No. 6:11-CV-6370-TC, 2012 WL 4361559 (D. Or. Sept. 20, 2012) (citing *Heckler v. Chaney*, 470 U.S. 821, 831 (1985)).

[26] Courts have questioned whether a claim of selective prosecution is even available in civil matters, though they have assumed without deciding that it may be available, while generally rejecting its applicability in particular cases. *See, e.g.*, *SEC v. Christian Stanley, Inc.*, No. CV117147GHKMANX, 2012 WL 13012479, at *3 (C.D. Cal. June 4, 2012) ("Defendant has made no argument for why [a claim of selective prosecution] should apply in this context—a civil enforcement action—nor is it clear to us that it does.") (citing cases); *Att'y Gen. of U.S. v. Irish People, Inc.,* 684 F.2d 928, 932 n.8 (D.C. Cir. 1982) (reversing district court's dismissal of civil action on selective prosecution defense because defendant failed to demonstrate colorable showing of selection prosecution, and noting "[w]e need not reach the question of to what extent the selective prosecution defense may be inappropriate in a civil suit context").

[27] *United States v. Armstrong*, 517 U.S. 456, 463 (1996).

[28] *United States v. Gibson Wine Co.*, No. 1:15-CV-1900-AWI-SKO, 2016 WL 1626988, at *7 (E.D. Cal. Apr. 25, 2016); *see also Fog Cutter Cap. Grp. Inc. v. SEC*, 474 F.3d 822,

and "'in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.'"[29] Only in "extremely rare" cases where there is "substantial evidence of unconstitutional conduct" will courts evaluate a claim of selective prosecution.[30]

  Defendants' First Affirmative Defense contains no allegations that makes this case one of the extremely rare circumstances in which a selective enforcement defense can proceed. Defendants have not alleged the Bureau treated one class of persons differently than any other class, that either Defendant is in a protected class, or that the Bureau lacked a rational basis for initiating this enforcement action against Defendants as opposed to other unnamed and unspecified "similarly situated businesses."[31] Nor can

---

826 (D.C. Cir. 2007) (internal quotation marks and citations omitted) ("To prove selective prosecution, a claimant must be part of a protected class under the Equal Protection Clause … and show not only that prosecutors acted with bad intent, but also that similarly situated individuals [outside the protected category] were not prosecuted."); *Jercich v. Cnty. of Merced*, No. 1:06CV00232 OWWDLB, 2006 WL 3747184, at *10 (E.D. Cal. Dec. 19, 2006) ("Selective enforcement of valid laws, without more, does not make the [government's] actions irrational.").

[29] *United States v. Armstrong*, 517 U.S. 456, 464, 116 S. Ct. 1480, 1486, 134 L. Ed. 2d 687 (1996) (quoting *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926)); *see also Moog Indus., Inc. v. FTC*, 355 U.S. 411, 413 (1958) ("[The Federal Trade] Commission alone is empowered to develop [an] enforcement policy best calculated to achieve the ends contemplated by Congress and to allocate its available funds and personnel in such a way as to execute its policy efficiently and economically").

[30] *Karme v. Comm'r*, 673 F.2d 1062, 1064 (9th Cir. 1982); *see also o* (quoting *Armstrong*, 517 U.S. at 465) (striking selective enforcement defense as insufficiently pled and noting defendant must "make a 'credible showing of different treatment of similarly situated persons'" before discovery would be allowed because "[t]he Court will not authorize an expedition into the United States' decision to litigate this matter without first determining that other similarly situated stationary source operators that been found to have made similar releases were not treated the same").

[31] First Amended Answer at 13. In this sense, this case is distinguishable from *United States v. Innovative Biodefense, Inc.*, where Judge Carter denied a motion to strike an affirmative defense of unclean hands based on a selective-prosecution theory, No.

Defendants plausibly allege that they were selectively targeted for enforcement where it is a matter of public record that the Bureau has brought enforcement actions against other companies in the credit repair industry for violating the very provisions of the TSR and CFPA at issue in this case.[32]

Although the Bureau need not establish prejudice to prevail on a motion to strike,[33] the Bureau would suffer real prejudice if Defendants' invalid unclean hands defense was permitted to proceed into discovery. If the defense remains, Defendants would be encouraged to pursue frivolous discovery regarding the Bureau's decision-making processes—information that is clearly protected by the deliberative-process privilege and work-product doctrine[34]—thus needlessly increasing the time and money both parties must spend on discovery. As one district court has explained: "Affirmative defenses that are only conceivably relevant because the agency seeks a statutory equitable remedy can easily become instruments to challenge, and thereby to effectively derail, [an] enforcement action."[35] The predictable consequence is that the parties "become

---

SACV180996DOCJDEX, 2019 WL 6971054, at *5 (C.D. Cal. Aug. 22, 2019). In that case, the defendant alleged that the Food and Drug Administration and Department of Justice pursued an action against the defendant instead of its competitors because the defendant's competitors exercised "undue influence" over the government regulators. *Id.* Defendants have made no similar allegation here, nor can they.

[32] *See CFPB v. Burlington Fin. Grp., LLC*, No. 21-cv-02595 (N.D. Ga. 2021); *CFPB v. Commonwealth Equity Grp., LLC*, No. 20-cv-10991 (D. Mass. 2020); *CFPB v. Progrexion Marketing, Inc.*, No. 19-cv-00298 (D. Utah 2019); *CFPB v. Commercial Credit Consultants*, No. 17-cv-4720 (C.D. Cal. 2017).

[33] *See Barnes*, 718 F. Supp. 2d at 1173.

[34] *See United States v. Davis*, 793 F.3d 712, 720 (7th Cir. 2015) ("In order to give a measure of protection (and confidentiality) to the [government's] deliberative processes, which are covered by strong privileges, the [Supreme] Court … insisted that the defendant produce evidence that persons of a different race, but otherwise comparable in [culpable] behavior, were presented … for prosecution, but that prosecution was declined").

[35] *SEC v. Cuban*, 798 F. Supp. 2d 783, 794 (N.D. Tex. 2011).

embroiled in a wide-ranging and intrusive dispute about how the [agency] has conducted the enforcement action," and the focus shifts from Defendants' alleged misconduct to whether the government engaged in misconduct, leading to increased delay and litigation expenses, and undermining the public's interest in effective law enforcement.[36] This Court should accordingly strike this invalid defense at the outset. Because Defendants cannot allege any set of facts that would support their unclean hands defense of selective prosecution, and because they have already had the opportunity to amend their answer, the defense should be stricken with prejudice.[37]

## CONCLUSION

For the foregoing reasons, the Court should strike Defendants' First Affirmative Defense.

Dated: June 3, 2022                    Respectfully submitted,


                                       */s/*
                                       Jeffrey Blumberg (*pro hac vice*)
                                       Amanda J. Krause (*pro hac vice*)
                                       Joyce Chen (*pro hac vice*)
                                       Leanne Hartmann
                                       *Enforcement Attorneys*
                                       Consumer Financial Protection Bureau
                                       1700 G St., NW
                                       Washington, DC 20552
                                       Tel: (202) 445-8767
                                       Email: Amanda.krause@cfpb.gov

---

[36] *Id.* at 794-95.

[37] *See Surf City Steel, Inc. v. Int'l Longshore & Warehouse Union*, 780 F. App'x 467, 473 (9th Cir. 2019) (courts have discretion to dismiss claims with prejudice where the party "received prior opportunities to amend, and failed to plead" the facts necessary to support a claim).

*Attorneys for Plaintiff Consumer Financial
Protection Bureau*