**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>Daniel A. Rosen, Inc. et al.,<br><br>　　　　Defendants. | Case No. 2:21-cv-07492-VAP-(JDEx)<br><br>**Order GRANTING**<br>**Motion to Strike (Doc. No. 55)** |

Before the Court is the Consumer Financial Protection Bureau's ("Plaintiff") Motion to Strike Defendants' First Affirmative Defense ("Motion") entered June 3, 2022.  (Dkt. 55-1.)  Defendants Daniel Rosen, Inc., d/b/a Credit Repair Cloud and Daniel Rosen ("Defendants") filed their Opposition ("Opp'n") to the Motion on June 21, 2022, (Dkt. 58) and Plaintiff filed a Reply on July 6, 2022 (Reply, Dkt. 62.)

After considering all the papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15.  For the reasons set forth below, the Court **GRANTS** the Motion.

//
//

## I. BACKGROUND

Daniel Rosen ("Rosen") owns Daniel A. Rosen, Inc. d.b.a Credit Repair Cloud ("Credit Repair Cloud").  (FAC ¶¶ 1, 7.)  Credit Repair Cloud markets and sells products and services for people to start their own credit repair business ("CRC Users").  (Id. ¶¶ 6, 11.)  With Credit Repairs Cloud's assistance, CRC Users provide services to consumers "to remove derogatory information from, or improve, a consumer's credit history, credit record, or credit rating."  (Id. ¶¶ 8, 11.)

Plaintiff, a government agency, alleges Defendants provided substantial assistance to CRC Users in telemarking, and charging advance fees for, credit-repair services in violation of the Telemarketing Act, the Telemarketing Sales Rule ("TSR"), and the Consumer Financial Protection Act of 2010 ("CFPA").  (Id. ¶¶ 1-2, 8- 10, 16-28, 50-72.)  Accordingly, Plaintiff asserts claims for violation of the TSR and of the CFPA, against Defendants.  (Id. ¶¶ 97-118.)  Plaintiff filed a Motion to Strike the First Affirmative Defense raised by Defendants, asserting that Defendants' unclean hands affirmative defense was improperly plead and legally insufficient.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to

trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).

District courts in the Ninth Circuit have been divided on whether the "fair notice" standard or the heightened pleading standard set forth in Twombly and Iqbal applies to affirmative defenses. *See e.g., Rosen v. Masterpiece Mktg. Grp. LLC*, 222 F. Supp. 3d 793, 798 (C.D. Cal. Mar. 1, 2016) ("Courts appear to be divided as to the amount of factual information that must be pled in support of an affirmative defense to satisfy the 'short and plain statement' requirement of Rule 8"); *Intervention911 v. City of Palm Springs*, No. 12-10763, 2014 WL 12586113, at *3 (C.D. Cal. Jan. 9, 2014) (quoting *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-03323, 2012 WL 1029425, at *6 (N.D. Cal. Mar. 26, 2012) ("The question winding its way through district courts throughout this circuit and throughout the country ... is whether the 'plausibility' pleading standard" announced in Twombly and Iqbal, "redefines what constitutes 'fair notice' of an affirmative defense pled in an answer.")).

Under the fair notice standard, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)). "At minimum, 'fair notice' requires some pleading of facts: 'Neither mere reference to a legal doctrine, nor a bare recitation of statutory provisions, provides fair notice of an affirmative defense absent some fact or argument

3

explaining the defense.'" *Id.* (citing *Arthur v. Constellation Brands, Inc.*, No. 16-04680, 2016 WL 6248905, at *2 (N.D. Cal. Oct. 26, 2016) (quoting *Barrilleaux v. Mendocino Cnty.*, No. 14-01373, 2016 WL 1298860, at *2 (N.D. Cal. Apr. 4, 2016))). Nevertheless, "a high level of specificity should not be required of defendants at the outset of litigation" because "[p]leading enough factual content to identify the factual grounds on which an affirmative defense rests is adequate to provide fair notice to a plaintiff and to assist the Court in limiting discovery." *Id.* (citing *Rosen*, 222 F. Supp. 3d at 802).

This Court applies the fair notice standard for the purpose of evaluating the affirmative defense in this motion. While an unsettled question in this circuit, the Ninth Circuit has not adopted the *Twombly/Iqbal* standard for affirmative defenses and has instead continued to use the "fair notice" standard even after *Twombly* and *Iqbal* were decided. *See Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012); *see also Schutte & Koerting, Inc. v. Swett & Crawford*, 298 F. App'x 613, 615 (9th Cir. 2008).

Moreover, under the more relaxed "fair notice" standard, a court is still capable of "weed[ing] out the boilerplate listing of affirmative defenses." *Baker v. FirstCom Music*, No. 16-8931, 2017 WL 9500947, at *2 (C.D. Cal. July 27, 2017) (citing *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. June 22, 2010)). The Court therefore declines to apply Twombly's heightened pleading standard at this time.

### III. DISCUSSION

#### A. Unclean Hands Against Government Entity

As a threshold matter, Plaintiff argues that the unclean hands doctrine should not apply to government actions when to do so would "frustrate a substantial public interest" under the CFPA and the Telemarketing and Consumer Fraud and Abuse Act. (Motion at 4-5.) Plaintiff also contends that Defendants are conflating the unclean hands defense with a selective prosecution claim and that both claims fail independently. (*Id.* at 6-7.) Plaintiff's arguments lack merit.

"The doctrine of unclean hands 'bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted.'" *POM Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085, 1091–92 (C.D. Cal. 2016) (quoting *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir.1989)). To prevail on a defense of unclean hands, a defendant must demonstrate by clear and convincing evidence (1) "that the plaintiff's conduct is inequitable;" and (2) "that the conduct relates to the subject matter of [the plaintiff's] claims." *Id.* at 1092.

Other courts in this district have found that the unclean hands doctrine may be raised as an affirmative defense against a government agency where the prejudice of the government agency is so egregious that it rises to a constitutional level. *FTC v. Com. Planet Inc.*, No. 09-01324,

2010 WL 11673795, at *3 (C.D. Cal. July 6, 2010) (quoting *SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995); see also *FTC v. Medicor LLC*, No. 01-1896, 2001 WL 765628, at *3 (C.D. Cal. June 26, 2001) (finding that an unclean hands affirmative defense against the government may survive a motion to strike if the defense "assert[s] specific wrongdoing by the government in their Answers" and could potentially "prove that the [government] acted unconstitutionally"); see *Perez v. West Coast Drywall and Co., Inc.*, No. 16-01565, 2016 WL 11002590, at *4 (C.D. Cal. Nov. 10, 2016) (quoting *Sands*, 902 F. Supp. at 1166) (some courts "'have declined to strike the defense' if the government's conduct was potentially 'outrageous' to the point of causing 'constitutional injury.'").  Accordingly, Defendants may assert an unclean defense here only if they can show Plaintiff acted unconstitutionally.

The Court also finds that an unclean hands defense may be properly based on selective enforcement and need not be raised as a separate defense.  See *United States v. Innovative Biodefense, Inc.*, No. 18-0996, 2019 WL 6971054, at *5 (C.D. Cal. Aug. 22, 2019) (finding that a selective enforcement claim may be used to support an unclean hands affirmative defense against the government).  Defendants thus may show Plaintiff's selective enforcement is so egregious that the prejudice rises to a constitutional level to assert an unclean hands defense.  *Id.*

//
//

### B. Sufficiency of the Affirmative Defense

The Court next addresses whether Defendants allege facts sufficient to establish their unclean hands defense. Plaintiff argues that Defendants failed to plead any facts showing that Plaintiff caused Defendants any injury of such "egregiousness that the resulting prejudice to defendant rises to a constitutional injury." (Motion at 5.) Defendants contend they allege sufficient facts to show Plaintiff targeted Defendants as Plaintiff has not named any other defendant who "consummated an alleged underlying violation of the TSR for which Defendants allegedly provided substantial assistance." (Opp'n at 8-9.) Defendants contrast this case from several cases where Plaintiff brought suit against both the software provider and underlying offender, and thus argue that the decision to litigate against Defendants here is a bad faith "fishing expedition" to discover an underlying violation of the TSR. (*Id.* at 8-10.)

The Court finds that Defendants' unclean hands defense is inadequately pled here. Even assuming Plaintiff's purpose, in part, is to uncover an underlying violation, this purpose does not satisfy the standard of egregious prejudice as government agencies have wide discretion over who they prosecute. See *Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (holding government agencies have broad discretion in who they prosecute); see also *FTC v. Com. Planet Inc.*, No. 09-01324, 2010 WL 11673795, at *3 (C.D. Cal. July 6, 2010) ("the defendant must show such egregiousness that the resulting prejudice to defendant rises to a constitutional").

Moreover, Defendants do not explain the arbitrary classification Defendants fall under for selective enforcement that would support an unclean hands affirmative defense.  For selective enforcement, Defendants must show: "(1) that others are generally not prosecuted for the same conduct; and (2) the decision to single out the defendant was based upon impermissible grounds such as race, religion, or the exercise of constitutional rights, or that there was no rational basis for the difference in treatment."  *See United States v. Gibson Wine Co.*, No. 15-1900, 2016 WL 1626988, at *7 (E.D. Cal. Apr. 25, 2016).  Against a government agency, "clear evidence that the United States' [enforcement] decision was based on some arbitrary classification . . . could prevail in this defense." *Id.* at 9; *see also United States v. Armstrong*, 517 U.S. 456, 464 (1996).  Defendant here, however, merely reiterate that prosecution was for an "arbitrary purpose . . . unlike its treatment to other similarly situated businesses."  (Opp'n at 7).  Accordingly, even under the more relaxed "fair notice" standard, the Court "weed[s] out the boilerplate listing of [Defendants' unclean hands] affirmative defense[]."  *Baker*, 2017 WL 9500947, at *2 (internal citation omitted).

Finally, as Defendants had a prior opportunity to amend their answer, and failed to show how Plaintiff's conduct was outrageous, the Court STRIKES Defendants' First Affirmative Defense without leave to amend.  *See Fed. Trade Comm'n v. Com. Planet, Inc.*, No. 09-01324, 2010 WL 11673795, at *3 (C.D. Cal. July 6, 2010) (striking unclean hands affirmative defense where the defendant did not plead that the government's conduct was so outrageous that their prejudice to the defendant could have risen to a constitutional level).

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Strike Defendants' First Affirmative Defense without leave to amend.

**IT IS SO ORDERED.**

Dated: 7/27/22

Virginia A. Phillips
United States District Judge