UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau, <br><br> Plaintiff, <br><br> v. <br><br> Daniel A. Rosen, Inc. et al., <br><br> Defendants. | Case No. 2:21-cv-07492-VAP-JDEx <br><br> **Order GRANTING Defendants' Motion to Stay (Doc. No. 86-1)** |

Before the Court is Defendant Daniel A. Rosen, Inc. d.b.a. Credit Repair Cloud ("Credit Repair Cloud") and Daniel Rosen's ("Rosen") (collectively, "Defendants") Motion to Stay ("Motion") filed on November 18, 2022 (Mot., Doc. No. 86-1.)  Plaintiff Consumer Financial Protection Bureau ("Plaintiff" or "CFPB") filed an opposition on November 30, 2022.[1]  (Opp'n, Doc. No. 91.)  Defendants filed a reply on December 5, 2022.  (Reply, Doc. No. 93.)  After considering all the papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion.

I. **BACKGROUND**

According to Plaintiff's operative First Amended Complaint ("FAC"), Rosen owns Credit Repair Cloud, a California corporation that markets and

---

[1] Plaintiff's opposition brief uses footnotes to cite to legal authority.  The court admonishes Defendants to refrain from this practice in future filings.

sells business software to credit repair businesses.  (FAC ¶¶ 6-7.)  These credit repair businesses, in turn, use the software to offer services purporting to "remove derogatory information from, or improve, a consumer's credit history, credit record, or credit rating."  (*Id.* ¶ 8.)

Plaintiff alleges that Defendants assisted credit repair businesses in charging advance fees for credit repair services in violation of the Telemarketing Sales Rule ("TSR") and the Consumer Financial Protection Act of 2010 ("CFPA").  (*Id.* ¶¶ 97-118.)  Defendants now move to stay the case pending a decision from the Ninth Circuit in *Consumer Fin. Prot. Bureau v. Nationwide Biweekly Admin., Inc.*, Nos. 18-15431, 18-15887 ("*Nationwide*").  (*See generally* Mot.)

## II.     LEGAL STANDARD

A district court "has inherent discretion to control the disposition of the causes on its docket by staying proceedings before it.  'How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'"  *Nichols Inst. Diagnostics, Inc. v. Scantibodies Clinical Lab., Inc.*, 218 F. Supp. 2d 1243, 1452 (S.D. Cal. 2002) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254-255 (1936)).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis*, 299 U.S. at 254.

While the case law enumerates several general considerations that are helpful in determining whether to order a stay, ultimately "the totality of the circumstances governs." *Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013). The competing interests a court must weigh include: "[(1)] possible damage which may result from the granting of a stay, [(2)] the hardship or inequity which a party may suffer in being required to go forward, and [(3)] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

"[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863-64.

### III. JUDICIAL NOTICE

In connection with their Motion, Defendants request judicial notice of: (1) Plaintiff's Writ of Certiorari to the Supreme Court filed in another case; (2) an Order from the Ninth Circuit asking for supplemental briefing in *Nationwide*; (3) the defendants-appellants' supplemental opening brief filed in *Nationwide*; (4) the defendants-appellants' supplemental reply brief filed in *Nationwide*; (5) notices of supplemental authority filed by the parties in

1  *Nationwide*; and (6) a copy of a previous order issued by this Court.  (RJN,
2  Doc. No. 87.)  The Court GRANTS the request because the filings are a
3  matter of public record.  See *Lee v. City of Los Angeles*, 250 F.3d 668, 689
4  (9th Cir. 2001) (pursuant to Rule 201(b) "a court may take judicial notice of
5  'matters of public record.'"); *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir.
6  1995) ("we may take judicial notice of proceedings in other courts, whether
7  in the federal or state systems.").

## IV.  DISCUSSION

In moving to stay this case, Defendants argue that Plaintiff may not have the authority to pursue the present enforcement action because the Ninth Circuit panel in *National* "may hold that the CFPB's funding mechanism violates the Constitution[]."  (Mot. at 2.)  They assert that this lack of authority would require a dismissal of the case.  (*Id.*)  The Fifth Circuit, for example, recently held that the CFPB had an "unconstitutional funding structure" requiring "a rewinding" of its actions.  *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. Consumer Fin. Prot. Bureau*, 51 F.4th 616, 643 (5th Cir. 2022).

Plaintiff contends that "there is no guarantee" that the *National* panel will consider the constitutionality of its funding mechanism because the defendants-appellants in *National* "waived any Appropriations Clause argument by addressing it in their opening brief with only a single sentence."  (Opp'n at 10.)  The *National* panel, however, subsequently asked the parties to file supplemental briefing addressing the impact of recent Ninth Circuit decisions ruling on the validity of CFPB actions tainted by an

unconstitutional provision in the CFPB's enabling statute, or the impact of "any other recent case." (RJN, Ex. B.) The *National* defendants-appellants' supplemental briefing raises and addresses the possible unconstitutionality of the CFPB's funding mechanism, (RJN, Exs. C, D), and the parties in the case notified the Ninth Circuit of the Fifth Circuit's recent decision in *Community Financial Services Association of America, Limited v. Consumer Financial Protection Bureau*, (RJN Ex. E.) Defendants therefore maintain that the panel in *National* is "poised to align with the Fifth Circuit's decision" and hold that Plaintiff's funding mechanism is unconstitutional. (Mot. at 1, 7-8.)

The Court declines to speculate as to the outcome in *National* except to recognize that the defendants-appellants in that case have presented a non-frivolous argument concerning the validity of the CFPB's enforcement actions. The possibility that the Ninth Circuit may consider and accept their argument, thereby disposing of the need for the present litigation, counsels in favor of a stay. *See, e.g.*, *Ramirez v. Trans Union, LLC*, No. 12-CV-00632-JSC, 2015 WL 6159942, at *2 (N.D. Cal. June 22, 2015) (granting a stay based in part on the "risk of unnecessary proceedings and expenses").

Plaintiff argues that even if the Ninth Circuit were to decide that its funding structure prevents it from pursuing enforcement actions, Defendants have waived that argument by not raising an Appropriations Clause defense in their answer or amended answer. (Opp'n at 6-7.) As the deadline to file a motion to amend pleadings has passed, (*see* Doc. No. 47), Plaintiff asserts that Defendants can only modify their answer with "good cause and with the

judge's consent." (Opp'n at 7 (quoting Fed. R. Civ. P. 16(b)(4)).) Even so, should the Ninth Circuit decide that Plaintiff lacks the authority to bring enforcement actions, such a decision would likely constitute "good cause" for granting leave to amend and the Court would likely permit Defendants to amend their answer.[2] *See Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1225-26 (E.D. Cal. 2008) (finding "good cause" to grant leave to amend based on new legal authority decided after the time for amendment had expired); *Ruiz v. Affinity Logistics Corp.*, No. 05-CV-2125-JLS-CAB, 2009 WL 648973, at *9 (S.D. Cal. Jan. 29, 2009) (same); *Victor v. R.C. Bigelow, Inc.*, No. 13-CV-02976-WHO, 2015 WL 4104609, at *2 (N.D. Cal. July 7, 2015) ("[N]ew Ninth Circuit authority . . . gives [Plaintiff] good cause to modify the scheduling order so that he can amend his complaint to add a cause of action . . . .").

After considering the totality of the of the circumstances, the Court finds a stay appropriate in this case. The possible damage that may result from granting a stay is minimal. The parties in *National* have already submitted their briefs. (RJN Exs. C, D.) A stay is therefore unlikely to delay the resolution of this case for an extended length of time. On the other hand, "[i]t would be burdensome for both parties to spend much time, energy, and resources on pre-trial and discovery issues, only to find those issues moot within less than a year." *Lopez v. Am. Express Bank, FSB*, No.

---

[2] Plaintiff argues Defendants' failure to raise an Appropriations Clause defense is inexcusable because "[p]arties have been raising (or purporting to raise) this issue for years and there are a raft of [district court] decisions addressing the argument." (Opp'n 7.) None of the decisions Plaintiff cites, however, binds this Court as a decision from the Ninth Circuit in *National* would.

09-CV-07335-SJO-MANx, 2010 WL 3637755, at *4 (C.D. Cal. Sept. 17, 2010). Moreover, as a decision in *National* could clarify an important constitutional issue that may be dispositive as to this case, a stay is likely to advance the orderly course of justice by simplifying questions of law.

## V. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion to stay the case pending the Ninth Circuit's decision in *National*.

**IT IS SO ORDERED.**

Dated: 1/3/23

Virginia A. Phillips
Senior United States District Judge