UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07492-VAP-JDEx | Date | February 13, 2023 |
| Title | *Consumer Financial Protection Bureau v. Daniel A. Rosen, Inc. et al* | | |

Present: The Honorable   VIRGINIA A. PHILLIPS, SENIOR UNITED STATES DISTRICT JUDGE

| WENDY HERNANDEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   MINUTE ORDER CONTINUING STAY (IN CHAMBERS)

On January 3, 2023, the Court granted Defendant Daniel A. Rosen, Inc. d.b.a. Credit Repair Cloud and Daniel Rosen's (collectively, "Defendants") Motion to Stay (Doc. No. 86-1) pending the Ninth Circuit's decision in *Consumer Fin. Prot. Bureau v. Nationwide Biweekly Admin., Inc.*, Nos. 18-15431, 18-15887 ("*Nationwide*").  (Doc. No. 123.)  The Court reasoned that the panel in *Nationwide* may hold that Plaintiff Consumer Financial Protection Bureau's ("Plaintiff") funding structure prevents it from pursuing enforcement actions, "thereby disposing of the need for the present litigation." (*Id.* at 5.)  The Court additionally noted that because a decision in *Nationwide* was imminent, a stay was "unlikely to delay the resolution of this case for an extended length of time." (*Id.* at 6.)

On February 8, 2023, the parties notified the Court that the Ninth Circuit had resolved the appeal in *Nationwide* without deciding the constitutionality of Plaintiff's funding structure.  (Doc. No. 126 at 1.)  Plaintiff now asks the Court to lift the present stay. (*Id.* at 1-2.)  Defendants oppose Plaintiff's request and ask the Court to continue the stay pending the Supreme Court's consideration of *Consumer Fin. Prot. Bureau v. Cmty. Fin. Servs. Ass'n of Am.*, No. 22-448 (petition for a writ of certiorari) ("*CFSA*").  (*Id.* at 2-3.)  The Supreme Court will consider the *CFSA* petition on February 17, 2023, and the only question

presented in the petition concerns the constitutionality of Plaintiff's funding structure.  (*Id.* at 2.)  If the Supreme Court grants the petition, it is expected to render a decision by June 2023.  (*Id.*)

      Although Defendants' prior motion only asked for a stay pending a decision in *Nationwide*, the reasoning supporting a stay pending *Nationwide* also supports continuing a stay pending the resolution of *CFSA*.  Concerns about undue delay are mitigated by the expedited timeline in *CFSA*.  If the Supreme Court denies the petition, the parties will find out in a matter of weeks.  On the other hand, if the Supreme Court grants the petition, it will issue a decision within the next four to five months.  In either case, any delay is outweighed by the "risk of unnecessary proceedings and expenses."  *Ramirez v. Trans Union, LLC*, No. 12-CV-00632-JSC, 2015 WL 6159942, at *2 (N.D. Cal. June 22, 2015).  The Court therefore continues the stay until the Supreme Court rules on the *CFSA* petition, and if the petition is granted, until the Supreme Court issues a decision in *CFSA*.  The parties are directed to inform the court within 10 days of issuance of a decision.

      **IT IS SO ORDERED.**