Joshua Briones (SBN 205293)
jbriones@mintz.com
E. Crystal Lopez (SBN 296297)
eclopez@mintz.com
Matthew J. Novian (SBN 324144)
mjnovian@mintz.com
Grecia A. Rivas (SBN 333971)
garivas@mintz.com
Sofia Nuño (*Admitted Pro Hac Vice*)
snuno@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

Attorneys for Defendants,
DANIEL A. ROSEN, INC., D/B/A
CREDIT REPAIR CLOUD, AND DANIEL ROSEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL A. ROSEN, INC., D/B/A CREDIT REPAIR CLOUD, AND DANIEL ROSEN,<br><br>Defendants. | Case No.: 2:21-cv-07492 VAP (JDEx)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY [DKT. NO. 129]**<br><br>Case Assigned to Hon. Virginia A Phillips<br><br>Complaint Filed: September 20, 2021 |

On March 24, 2023, Plaintiff Consumer Financial Protection Bureau filed a Notice of Supplemental Authority to draw the Court's attention to a recent order denying a stay request in *CFPB v. Law Offices of Crystal Moroney*, P.C., --- F.4th ---, 2023 WL 2604254 (2d Cir. Mar. 23, 2023) (Dkt. No. 129).

The Second Circuit's decision in *CFPB v. Law Offices of Crystal Moroney,* does not support lifting the stay in this matter. To the contrary, the decision highlights the evolving circuit split on the Appropriations Clause issue that directly impacts the CFPB's ability to proceed with its enforcement actions. By continuing the stay in this case, this Court will advance the orderly course of justice because it will allow the Supreme Court time to weigh in on the split of authority. *Hoffman v. Jelly Belly Candy Co.*, 19-cv-01935-JAM-DB, 2020 U.S. Dist. LEXIS 112663, at *5-*6 (E.D. Cal. June 26, 2020) (granting motion to stay where there is a "significant split that has developed among the circuits" and where "waiting for the Supreme Court's decision in . . . will allow this [c]ourt to adjudicate the issues before it with far greater certainty. To do otherwise would be a waste of judicial resources and a waste of the parties' time and energy"); *Barbare v. Sigue Corporation*, No. C20-0894-JCC, 2020 WL 8617424 (W.D. Wash. Sept. 30, 2020) ("a stay will promote the orderly course of justice because it will allow the Supreme Court to settle a question of law that is central to this litigation."). Accordingly, the stay should remain in place until the Supreme Court settles this central issue.

Dated:  March 27, 2023

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

*/s/ Matthew J. Novian*
By:  Joshua Briones
E. Crystal Lopez
Matthew J. Novian
Grecia A. Rivas
Sofia Nuño

Attorneys for Defendants