Carl L. Moore (MD Bar)
Tel: (202) 435-9107 / Email: carl.moore@cfpb.gov
Joyce Chen (NY Reg. #4717245)
Tel.: (202) 702-4226 / Email: joyce.chen@cfpb.gov
Jeffrey Blumberg (MD Bar)
Tel.: (202) 435-9687 / Email: jeffrey.blumberg@cfpb.gov
Daniel Cheriyan (NY Reg. #5119656)
Tel: (202) 451-1300 / Email: daniel.cheriyan@cfpb.gov
Jennifer B. Yadoo (DC Bar #1780435)
Tel.: (202) 322-7346 / Email: jennifer.yadoo@cfpb.gov
Stephanie B. Garlock (DC Bar #1779629)
Tel.: (202) 695-4908 / Email: stephanie.garlock@cfpb.gov
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-7722

Leanne E. Hartmann (CA Bar # 264787) - Local Counsel
301 Howard Street, Suite 1200
San Francisco, CA 94105
Phone: (415) 844-9787
Fax: (415) 844-9788
Email: leanne.hartmann@cfpb.gov

*Attorneys for Plaintiff Consumer Financial Protection Bureau*

*\*Attorneys for Defendants listed on the following page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>              Plaintiff,<br><br>       v.<br><br>Daniel A. Rosen, Inc., d/b/a Credit Repair Cloud *et al.*,<br>              Defendants. | Case No.: 2:21-cv-07492-JFW (JDEx)<br><br>**JOINT STATUS REPORT**<br><br><br>Court:        Hon. John F. Walter<br>                  Courtroom 7A |

Joshua Briones (SBN 205293)
jbriones@mintz.com
E. Crystal Lopez (SBN 296297)
eclopez@mintz.com
Esteban Morales (SBN 273948)
emorales@mintz.com
Grecia A. Rivas (SBN 333971)
garivas@mintz.com
Sofia Nuño (Admitted Pro Hac Vice)
snuno@mintz.com
Mintz Levin Cohn Ferris Glovsky and Popeo P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

*Attorneys for Defendants, Daniel A. Rosen, Inc., d/b/a Credit Repair Cloud, and Daniel Rosen*

Plaintiff Consumer Financial Protection Bureau (the "Bureau") and Defendants Daniel A. Rosen, Inc., d/b/a Credit Repair Cloud ("CRC"), and Daniel Rosen submit the following joint status report regarding this case and request that the Court lift the stay and set a status or scheduling conference for a date **after July 8, 2024**, to discuss issuing a new scheduling order to govern discovery and pre-trial proceedings in this case. The Parties request a date after July 8, 2024 because the Parties are currently engaged in good faith negotiations to explore whether settlement of the litigation is possible at this juncture. The request is not for purposes of delay, but rather to allow the Parties to complete ongoing negotiations while conserving the Parties' and judicial resources.[1]

## 1. Current Posture

The Court stayed this case on January 2, 2023, pending the Supreme Court's decision in *CFPB v. Community Financial Services Ass'n of Am., Ltd.* ("*CFSA*"). Doc. Nos. 123, 127, and 131. As stated in the Notice of Supreme Court's Decision in *CFPB v. CFSA* (Doc. No. 138), the Supreme Court recently ruled in *CFSA*, finding that the CFPB's funding mechanism is constitutional and resolving the issue that led to the issuance of the stay in the instant litigation. While the case was stayed, the deadlines set out in the Court's scheduling order expired. *See* Doc. No. 95.[2] Accordingly, when the Court lifts the stay, the parties will need a new scheduling order.

## 2. Brief Statements of the Case

### a. Bureau's Statement

The Bureau has alleged that Defendants violated the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310.3(b), and the Consumer Financial Protection Act ("CFPA"), 12

---

[1] In connection with these discussions, Defendants have been investigating underlying factual issues tied to negotiations and informally providing the Bureau with related information to facilitate discussions.

[2] In addition, while the case was stayed, it was reassigned because the previously assigned District Judge, Judge Virginia A. Phillips, was no longer available. *See* Doc. No. 134.

U.S.C. § 5536(a)(1)(A), by providing substantial assistance to credit-repair businesses (hereinafter referred to as "CRC Users" or "Users") who were telemarketing and charging illegal advance fees. Defendants provide *thousands* of CRC Users with a variety of tools and services, including, among other things, software that offers a customer-relationship management system, as well as training on how to start and run a "successful" credit-repair business. Indeed, Defendants advertised that they give CRC Users "EVERYTHING you need to start a . . . credit repair business!" First Amend. Compl., Doc. No. 32, at ¶ 11; First Amend. Answer, Doc. No. 49, at ¶ 11. The Bureau maintains that, in providing these tools and services, Defendants encouraged CRC Users to telemarket their credit-repair services to consumers and to charge consumers fees well before the waiting period required by the TSR. The Bureau filed this action to stop Defendants from substantially assisting CRC Users in violating the law.

### b. Defendants' Statement

Defendants operate a law-abiding business that provides word processing and customer management software along with educational resources to CRC Users. Notably, CRC Users *cannot* use the software to call prospective customers because CRC's software does not have a built in phone dialer. Defendants deny engaging in any unlawful actions, including violations of the TSR. Defendants specifically deny providing substantial assistance or support to CRC Users allegedly violating the TSR. Defendants also deny that they encouraged CRC Users to telemarket their services to consumers and to charge advance fees in violation of the TSR.

### 3. Status of Discovery Before the Stay

When the Court ordered the January 3, 2023 stay, the Parties were in the midst of discovery. Both Parties had served and responded to Requests for Production and Interrogatories. The Bureau had issued third-party subpoenas and had taken three third-party depositions.

Immediately before the stay, there were two discovery disputes pending, which this Court denied as moot without prejudice due to the stay. *See* Doc No. 124:

- The Bureau had filed a Motion to Compel Production of User Data (Doc. No. 99) seeking evidence on the number of CRC Users that were telemarketing and charging advance fees as well as the amount of consumer harm caused by the violations; and

- Defendants had filed a Motion for Entry of a Protective Order (Doc. No. 103) seeking to limit the Bureau's ability to serve additional third-party discovery.

Additionally, one of the CRC Users whom the Bureau had served with document and deposition subpoenas had moved to challenge the subpoenas in the U.S. District Court for the District of New Jersey (the "Apex Credit Fix Litigation"). Because of the stay, the United States District Court for the District of New Jersey administratively terminated the Apex Credit Fix Litigation (but allowed that any party may seek to reinstate the matter after this Court lifts the stay).

### 4. Anticipated Discovery After Stay is Lifted

#### a. Bureau's Position

Once the stay is lifted, the Bureau expects that it will take the following discovery actions:

- Follow the procedures in Local Rule 37-1 and determine whether it needs to file another Motion to Compel to have Defendants produce the CRC User data;

- Notify the United States District Court for the District of New Jersey that the stay is lifted and ask it to reinstate the Apex Credit Fix Litigation;

- Issue additional subpoenas to CRC Users for documents and depositions;

- Take the depositions of at least four more CRC Users;

- Serve remaining written discovery requests on Defendants;

- Take the deposition of Daniel Rosen and one other CRC employee; and
- Engage in expert discovery with potentially two expert reports and the attending rebuttal/reply reports and expert depositions.

The Bureau expects this remaining discovery to take **9** months.

**b. Defendants' Position**

Once the stay is lifted, Defendants expect that they will take the following discovery actions:

- Follow the procedures in Local Rule 37-1 and determine whether they need to file another Motion for Entry of a Protective Order seeking to limit the Bureau's ability to serve additional third-party discovery;
- Issue supplemental written discovery requests on the Bureau;
- Issue 30(b)(6) deposition notices to the Bureau; and
- Engage in expert discovery including rebuttal/reply reports and expert depositions.

Defendants expect this remaining discovery to take **9** months.

5.   **Request for Status or Scheduling Conference**

Given the length of the stay and the expiration of the deadlines in the scheduling order, and in light of the expected additional discovery, the Parties request a status or scheduling conference *after* **July 8, 2024** to discuss these matters further. Prior to the conference, and pending further instruction from the Court, the Parties are prepared to file proposed scheduling orders for the Court's consideration.

Dated: June 14, 2024                    CONSUMER FINANCIAL PROTECTION BUREAU

                                        */s/ Carl L. Moore*
                                        Carl L. Moore (*pro hac vice*)
                                        Joyce Chen (*pro hac vice*)
                                        Jeffrey Blumberg (*pro hac vice*)
                                        Daniel Cheriyan (*pro hac vice*)
                                        Jennifer Yadoo (*pro hac vice*)
                                        Stephanie B. Garlock (*pro hac vice*)
                                        Consumer Financial Protection Bureau
                                        1700 G Street, NW
                                        Washington, DC 20552
                                        Tel: (202) 435-9107
                                        Email: carl.moore@cfpb.gov

                                        Local Counsel:
                                        Leanne Hartmann – CA Bar #264787
                                        Consumer Financial Protection Bureau
                                        301 Howard Street, Suite 1200
                                        San Francisco, CA 94105
                                        Tel: (415) 844-9787
                                        Email: leanne.hartmann@cfpb.gov

                                        *Attorneys for Plaintiff Consumer Financial*
                                        *Protection Bureau*

Dated: June 14, 2024                    MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

                                        */s/ E. Crystal Lopez*
                                        E. Crystal Lopez
                                        Joshua Briones
                                        Esteban Morales
                                        Grecia A. Rivas
                                        Sofia Nuño (*pro hac vice*)
                                        Mintz Levin Cohn Ferris Glovsky and Popeo P.C.
                                        2049 Century Park East, Suite 300
                                        Los Angeles, CA 90067

                                        *Attorneys for Defendants, Daniel A. Rosen, Inc.,*
                                        *d/b/a Credit Repair Cloud, and Daniel Rosen*

7

**SIGNATURE CERTIFICATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


*/s/ Carl L. Moore*
Carl L. Moore (*pro hac vice*)